**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 97-00100-CR-LENARD

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**JOHN JAIRO CADAVID,**

    Defendant.
_____/

### ORDER GRANTING DEFENDANT'S MOTION FOR RETROACTIVE SENTENCE REDUCTION PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2) AND AMENDMENT 599 TO THE UNITED STATES SENTENCING GUIDELINES (D.E. 171)

**THIS CAUSE** is before the Court on Defendant John Jairo Cadavid's ("Defendant") Motion for Retroactive Sentence Reduction Pursuant to Title 18 U.S.C. § 3582(c)(2) and Amendment 599 to the United States Sentencing Guidelines ("Motion," D.E. 171), filed on February 15, 2011. Defendant also submitted a similarly-styled Motion with the benefit of counsel on April 5, 2011 (D.E. 175). The Government filed its Response to the Motion ("Response," D.E. 174) on March 28, 2011 and a Supplement Response (D.E. 177) on April 12, 2011. On May 12, 2011, the Court held a hearing on the Motion, during which the parties presented arguments regarding Defendant's sentencing guideline calculations. Upon review of the Motion, Response, Supplemental Response, the record and the arguments made in open court, the Court finds as follows.

Defendant John Jairo Cadavid is presently incarcerated pursuant to a sentence of

judgment issued on February 27, 1998. (Judgment, D.E. 102.) He was found guilty by a jury after trial on 11 counts: possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) (Counts 1, 2, 5 and 6); illegal alien in possession of firearm in violation of 18 U.S.C. § 922(g) (Counts 3, 7 and 13); possession of an unregistered firearm in violation of 18 U.S.C. 5812(b) and (d) (Counts 10 and 11); possession of a firearm in violation of 18 U.S.C. § 924(c) (Count 4); and possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 12). (*See* Jury Verdict, D.E. 75.) Following his conviction, the Court sentenced Defendant to a total term of 387 months. (*See* Judgment).  This sentence consisted of a guideline sentence of 87 months for Counts 1, 2, 3, 5, 6, 7, 10, 11 and 13 (all counts to run concurrently), followed by consecutive sentences of 60 months and 240 months pursuant to 18 U.S.C. § 924(c) for Counts 4 and 12, respectively. (*Id.*)

In determining Defendant's sentence, his base offense level was first calculated to be 20 under U.S.S.G. § 2K2.1. (*See* Presentence Investigation Report ("PSI") at 8.) Five levels were added pursuant to § 2K2.1(b)(1)(c) and § 2K2.1(b)(4), due to Defendant's possession of nine firearms. (*Id.*) A four level enhancement was then applied pursuant to U.S.S.G. § 2K2.1(b)(5), applicable where the defendant used or possessed any firearm or ammunition in connection with another felony offense. (*Id.*) Defendant's resulting base offense level was 29.

Offense Level 29 in criminal history Category I provided for a sentencing range of 87-108 months.  The Court sentenced Defendant to 87 months, the low end of the range, prior

to the application of the 60 and 240-month consecutive mandatory sentences.

On November 1, 2000, the Sentencing Commission issued Amendment 599, amending U.S.S.G. § 2K2.1(b)(5) to avoid "punish[ing] substantially the same conduct twice." The amendment essentially eliminates the "double counting" sentencing enhancement in § 2K2.1(b)(5) for weapon possession where a defendant is sentenced to a separate consecutive sentence under 18 U.S.C. §924(c) for that same underlying conduct. *See* Application Note 4 to U.S.S.G. § 2K2.4. This amendment applies retroactively. *See* U.S.S.G. § 1B1.10.

Defendant now argues that he is entitled to a reduction of his sentence of incarceration under 18 U.S.C. § 3582(c)(2). (Mot at 4.)[1] In his Motion he contends that the 18 U.S.C. § 3553(a) factors weigh in favor of this Court using its discretion to reduce his sentence from 387 months to 333-341 months. (*Id*. at 4-7.)

The Government does not dispute that Amendment 599 reduces the guideline range for Defendant's non-§ 924(c) counts to 33-41 months instead of 87-108 months. (Resp. at 3.) However, adopting the arguments made in their 2001 Response to Defendant's Motion (D.E. 140),[2] the Government urges this Court to retain the original sentence in light of the factors set forth under § 3553(a). (Resp. at 2-3; see Supp. Resp. at 3.)

---

[1] The Court cites Defendant's Memorandum (D.E. 175) filed by his attorney as it states his position more cogently.

[2] Defendant's 2001 Motion to Modify Under 18 U.S.C. § 3582(c)(2) (D.E. 137) was terminated pursuant to this Court's Order Adopting Magistrate's Report and Dismissing § 2255 Motion to Vacate (D.E. 144), issued on July 23, 2002.

Under 18 U.S.C. § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant when that defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). In considering a motion for such a reduction, the Eleventh Circuit has held that a district court must engage in a two-part analysis. *Id*.

First, the Court must recalculate the sentence under the amended guidelines, determining a new base level by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed. *See id*. "In undertaking this first step, only the amended guideline is changed. All other guideline application decisions made during the original sentencing remain intact." *United States v. Vautier,* 144 F.3d 756, 760 (11th Cir.1998) (citing U.S.S.G. § 1B1.10(b), comment n.2). As the Government correctly points out, had Amendment 599 been applicable at Defendant's sentencing, his offense level would not have been enhanced from level 20 to level 29. Defendant's resulting guideline range would have been 33 to 41 months instead of 87 to 108 (on the non-§ 924(c) counts).

The second step is for the Court to decide whether, in its discretion, it will choose to impose the newly calculated sentence under the amended guidelines or retain the original sentence. *Bravo*, 203 F.3d at 781. This decision should be made in light of the factors listed in 18 U.S.C. § 3553(a). *Id*.; *see Vautier,* 144 F.3d at 760 ("Second, in light

4

of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence.").[3]

---

[3] The § 3553 factors to be considered are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B) to afford adequate deterrence to criminal conduct;
   (C) to protect the public from further crimes of the defendant; and
   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for--
   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
      (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
      (ii) that, except as provided in section 3742(g) [18 USCS § 3742(g)], are in effect on the date the defendant is sentenced; or
   (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
(5) any pertinent policy statement--
   (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
   (B) that, except as provided in section 3742(g) [18 USCS § 3742(g)], is in effect on the date the defendant is sentenced.[;]
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

Having considered the parties' arguments, including those made during Defendant's § 3582(c)(2) hearing, the Court finds that the § 3553(a) factors, specifically the nature and circumstances of the offense and the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense and protect the public from further crimes of the defendant, warrant the reduction of Defendant's sentence under the amended guidelines.

Defendant's base offense level for his non-§ 924(c) counts (Counts 1, 2, 3, 5, 6, 7, 10, 11 and 13) shall be 20.  Consistent with his criminal history category I status, the appropriate guideline range for these counts is 33-41 months.  The Court, in its discretion, after considering the Title 18 U.S.C. § 3553(a) factors including: the nature and circumstances of the offense which involved sales of heroin on four (4) separate dates and the sale of numerous firearms on two (2) separate dates, the need for the sentence imposed to reflect the seriousness of the offense, and to promote respect for the law and provide just punishment, shall amend Defendant's sentence to higher end of this range, 41 months, to be served consecutively to his 60 and 240-month sentences pursuant to the 18 U.S.C. § 924(c) counts (4 and 12).  Defendant's total term of incarceration shall be 341 months.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant John Jairo Cadavid's ("Defendant") Motion for Retroactive Sentence Reduction Pursuant to Title 18 U.S.C. § 3582(c)(2) and Amendment 599 to the United States Sentencing

Guidelines (D.E. 171), filed on February 15, 2011, is **GRANTED** and Defendant's Judgment of Sentence is **AMENDED** consistent with this Order.

      **DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of June, 2011.

                                      **JOAN A. LENARD**
                                  **UNITED STATES DISTRICT JUDGE**